UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PROBULK CARRIERS, LTD.

                 Plaintiff,

versus

DAEWOO LOGISTICS CORP.

                 Defendant.

CIVIL ACTION
NO.:  09-3027

SEC.:  S
MAG. DIV.: 1

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPPOSITION TO MOTION TO VACATE ATTACHMENT

Now into Court, comes Plaintiff, Probulk Carriers, Ltd. (hereinafter "Probulk"), and submits this opposition to the motion to vacate attachment filed by Daewoo Logistics Corp.

Plaintiff obtained an order for a writ of attachment on the M/V DAEWOO ACE pursuant to Rul B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions on March 9, 2009. Defendant Daewoo Logistics now seeks to vacate that attachment, presumably pursuant to Rule E(4)(f), on the sole basis that it  allegedly is not the owner of the vessel.

Probulk submits that the motion of Daewoo Logistics goes beyond the inquiry permissible at this stage of the litigation. A Court should apply "the prima facie standard when considering the adequacy of a claim in a maritime vacatur motion." *Rhonda Ship Management, Inc. v. Doha Asian Games Organising Committee*, 511 F. Supp. 2d 399, 403 (S.D. N.Y. 2007). "Under this standard, the Court looks only to the complaint to determine whether the plaintiff has alleged a valid admiralty claim against the defendant . . . '[M]aritime plaintiffs are not required to prove their cases at this stage of a Rule E(4) hearing.' . . . Moreover, *Aqua Stoli* implies that a plaintiff need not provide

evidence showing that it has a claim against the defendant to satisfy its burden under Rule E(4)(f)."

*Rhonda Ship Management*, at 403-04 (citations omitted).

> While the defendant can argue that the plaintiff does not have a valid prima facie admiralty claim against the defendant, the basis of the argument cannot be that the plaintiff has not provided sufficient evidence of such a claim. *Tide Line*, 2006 WL 4459297, 2007 U.S. Dist. LEXIS, at *21. Instead the defendant must argue that the "plaintiff's pleadings are themselves insufficient to state such a claim." *Id.* The Court will look only to plaintiff's pleadings to determine whether it has demonstrated "an in personam claim against Defendant[] which is cognizable in admiralty." *Dolco Inves.*, 486 F. Supp 2d at 266.

*Rhonda Ship Management*, at 404.

In the instant case, as in *Rhonda Ship Managment*, the pleadings set forth an in personam claim against the defendant which is cognizable in admiralty. As such the motion to vacate should be denied.

Alternatively, and solely in the event the Court wishes to address these issues, Probulk submits that it has met the requirements for a Rule B attachment of the M/V DAEWOO ACE. The requirements for a Rule B attachment are:

1)      That the plaintiff have a valid prima facie admiralty claim against the defendant;

2)      That the defendant cannot be found within the district;

3)      That the defendant's property can be found within the district; and

4)      That there is no statutory or maritime law bar to the attachment.

*Aqua Stoli Shipping, Ltd. v. Gardner Smith Pty., Ltd.*, 460 F. 3d 434,445 (2d Cir. 2006).

Since defendant's motion to vacate does not address requirements 1, 2 or 4, plaintiff will assume that for purposes of this motion, it is agreed those requirements are met. This leaves the issue of whether the property of the defendant can be found within the district. As the DAEWOO ACE is within in the district, the sole contested issue is whether, for purposes of maintaining the writ of attachment, plaintiff has shown probable cause for the Court to believe the DAEWOO ACE to be the property of Daewoo Logistics.

To defeat a motion to vacate attachment, Plaintiff need only show probable cause for the attachment.

> At a post-arrest hearing, the plaintiff has the burden to establish probable cause for the arrest. *Continental Ins. Co. v. Adriatic Tankers Shipping Co.*, 1995 WL 649942 (E.D. La. 1995); *20th Century Fox Film Corp. v. M.V. Ship Agencies, Inc*., 992 F. Supp. 1423, 1427 (M.D. Fla. 1997). The hearing is not intended to definitively resolve the dispute between the parties; rather the Court must make a preliminary determination whether reasonable grounds exist for the arrest. *Salazaar v. ATLANTIC SUN*, 881 F. 3d 73, 79-80 (3d Cir. 1989); *20th Century Fox*, 992 F. Supp. at 1427.

*A. Coker & Co., Ltd. v. National Shipping Agency Corp.* 1999 WL 311941 (E.D. La. 1999).

Plaintiff has alleged that it was "informed that the DAEWOO ACE is owned, operated or controlled by the Defendant [Daewoo Logistics Corp.]." Verified Complaint at para. XI. In support of that allegation, Probulk attaches hereto as Exhibit "A" the unsworn declaration under penalty of perjury of W. Lawrence Lopez regarding the information obtained by Probulk with respect to the ownership of the DAEWOO ACE. As set forth in the declaration, Probulk's inquiry to Lloyd's MIU, a recognized source of vessel information, revealed that the Registered Owner and Beneficial Owner of the DAEWOO ACE is Daewoo Logistics Corp. See Exhibit 1 to declaration of Lopez. Additionally, on February 9, 2009, Probulk obtained a printout of Daewoo's website which listed the DAEWOO ACE as part of its fleet. See Exhibit 2 to declaration of Lopez. The website has since been amended to delete that reference. Finally, undersigned counsel's investigation revealed that the purported owner of the vessel, KDB Capital is a bank, which, as part of its advertised services, offers "The systematic provision of financial services on equipment chosen directly by corporations and is rented on a long term basis from lease companies which buy the equipment on behalf of the corporations" The equipment available for such transactions specifically includes ships. http://www.kdbcapital.co.kr/english/business/lease/lease.html Copy of printout of website is attached hereto as Exhibit "B."

In short, KDB Capital is in the business of permitting corporations to identify equipment, including vessels, that the corporations wish to purchase, then KDB purchases the equipment for the

corporation, and enters into a long-term lease (charter) permitting the corporation to use the equipment without being the owner of title. Probulk believes this is precisely the arrangement in place with respect to the DAEWOO ACE. Such financial sleight-of-hand cannot properly be used to defeat the rights of parties conferred by U.S. law. Daewoo Logistics Corp. is the beneficial owner and/or owner-in-fact of the vessel, and cannot escape attachment of the vessel for its debts by the financing scheme outlined above..

In the instant case, Probulk submits the information obtained by Probulk in connection with the attachment of the vessel is sufficient to establish probable cause and/or reasonable grounds for the attachment, as prayed for in the complaint. The motion to vacate should be denied.

Respectfully submitted,

/s/ G. Beauregard Gelpi

G. BEAUREGARD GELPI, T.A. (LA Bar 18226)
C. GORDON STARLING, JR. (LA Bar 12408)
WAGNER & BAGOT, L.L.P.
Poydras Center - Suite 2660
650 Poydras Street
New Orleans, Louisiana 70130-6158
Telephone: (504) 525-2141
Facsimile: (504) 523-1587
Email: bgelpi@wb-lalaw.com
Email: gstarling@wb-lalaw.com
Attorneys for Probulk Carriers, Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ G. Beauregard Gelpi

G. BEAUREGARD GELPI

84711