UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PROBULK CARRIERS, LTD. | CIVIL ACTION |
| Plaintiff, | NO.: 09-3027 |
| | SEC.: S |
| versus | MAG. DIV.: 1 |
| DAEWOO LOGISTICS CORP. | |
| Defendant. | |

*************************************************************************

## SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO VACATE ATTACHMENT

MAY IT PLEASE THE COURT:

    Plaintiff obtained an order for a writ of attachment on the M/V DAEWOO ACE pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims on March 9, 2009. Defendant Daewoo Logistics filed a motion to vacate that attachment, on the sole basis that it allegedly is not the owner of the vessel. At the request of Daewoo Logistics, an emergency hearing was held pursuant to Rule E(4)(f) to determine the propriety of the attachemnt.

    Pursuant to the Court's minute entry dated March 11, 2009, plaintiff, Probulk Carriers, Ltd. (hereinafter "Probulk"), submits this supplemental memorandum in opposition to the motion to vacate attachment filed by Daewoo Logistics Corp.

### DAEWOO LOGISTICS LACKS STANDING

    In conducting additional research into the issues raised by the Court at the emergency hearing held March 11, 2009, undersigned counsel discovered a threshold issue not previously raised. Pursuant to Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

Rule E(4)(f).

In the instant case, the sole basis of the motion to vacate filed by Daewoo Logistics is that it does not have an interest in the M/V DAEWOO ACE. See memorandum in support of motion to vacate, dkt. 11-2 in the record of this matter. Daewoo Logistics specifically avers that it does not own the M/V DAEWOO ACE or any appurtenance of the M/V DAEWOO ACE and that it does not own any property aboard the M/V DAEWOO ACE. See Unsworn Declaration of Hong, attached thereto. Daewoo Logistics has no interest in the vessel and thus, by its own admission, lacks standing to object to the attachment of the vessel in this matter.

At the Rule E(4)(f) hearing held March 11, 2009, Daewoo Logistics further distanced itself from the vessel by stating that the vessel is currently under a sub-charter to another company, which loaded the cargo of grain. Although the attachment of the M/V DAEWOO ACE may result in Daewoo Logistics ultimately incurring contractual liability to the sub-charterer, that does not amount to an interest in the vessel, as required for standing under Rule E(4)(f). The Rule does not provide that an attachment can be challenged by any party which might incur economic damages as a result of the attachment, but rather that the attachment may be challenged by a "person claiming an interest" in the property attached. Daewoo Logistics has not claimed an interest in the M/V DAEWOO ACE, and in contrast has vehemently denied having any such interest. The motion to vacate should be denied, as it has not been brought by a party having an interest in the property attached.

## PRIMA FACIE SHOWING

As Probulk set forth in its opposition to the motion to vacate, at a Rule E(4)(f) hearing, all that is required at this stage of the litigation is that Probulk set forth a prima facie claim against

Daewoo Logistics. This prima facie standard "is a pleading requirement, not an evidentiary standard." *Rhonda Ship Management, Inc. v. Doha Asian Games Organising Committee*, 511 F. Supp. 2d 399, 404, citing *Tide Line, Inc. v. Eastrade Commodities, Inc.*, 2006 WL 4459297, 2006 U.S. Dist. LEXIS 95870 at *17, n. 7 (S.D. N.Y. 2006).

Another section of this Honorable Court has recognized that the applicable standard on Rule E(4)(f) hearings is that set forth in *Aqua Stoli*. See *Dorval Kaiun K.K. v. Arion Shipping, Ltd.*, 2008 WL 687273 at *1 (E.D. La. March 10, 2008), citing this Honorable Court's decision in *Koninklisje Boskalis Westminster NV v. Mediterranean Shipping Co., S.A.*, C/A no. 2:07-cv-2796, dkt. 25 (E.D. La. June 11, 2007). The *Koninklisje Boskalis* matter involved a claim of alter ego, rather than financial sleight-of-hand, but the same standard should apply. The verified complaint in this matter sets forth a valid prima facie admiralty claim against Daewoo Logistics. The Court should not require Probulk to submit evidence at this stage of the litigation. As set forth in Probulk's original opposition, "[w]hile the defendant can argue that the plaintiff does not have a valid prima facie admiralty claim against the defendant, <u>the basis of the argument cannot be that the plaintiff has not provided sufficient evidence of such a claim</u>." *Rhonda Ship Management*, 511 F. Supp. 2d at 404, citing *Tide Line*, 2006 WL 4459297, 2007 U.S. Dist. LEXIS, at *21. That is precisely the argument advanced by Daewoo Logistics in this case.

In the instant case, Probulk established probable cause and/or reasonable grounds for the attachment, as prayed for in the complaint. The motion to vacate should be denied.

<u>DISCOVERY WILL NOT PREJUDICE ARBITRATION</u>

At the March 11, 2009 hearing, Daewoo Logistics argued that Probulk should not be permitted to take discovery on the ownership and financial issues, as such would run contrary to the arbitration clause contained in the charter of the M/V IOANTHI, which charter forms the basis of the claim underlying this attachment. Probulk submits that this is not the case, as the issues to be addressed in the potential discovery relative to this attachment involve the ownership, control, financing, lease and charter arrangements of the M/V DAEWOO ACE, and in no way relate to the

M/V IOANTHI. Daewoo Logistics has presented a self-serving affidavit to show that it does not own the M/V DAEWOO ACE. Probulk has submitted evidence suggesting to the contrary. Daewoo Logistics submitted what purports to be a copy of the Korean Registry for the M/V DAEWOO ACE, and Probulk has no evidence at this time to dispute that the document is what it purports to be; however, Probulk submits that, as this Honorable Court is aware, proof of registration is not conclusive proof of ownership. *Koninklisje Boskalis Westminster NV*, supra, at p.3, citing *Interpool, Ltd. v. Char Yigh Marine (Panama) S.A.*, 890 F. 2d 1453, 1460 (9th Cir. 1989). That proposition is particularly true in a jurisdiction such as Korea, where "title may be transferred by agreement between the parties without recordation, under Korean Commercial Code article 743." *Neptune Orient Lines, Ltd. v. Halla Merchant Marine Co., Ltd.*, 1998 WL 128993, at *4 (E.D. La. 1998). Probulk submits that the evidence it submitted is sufficient to meet its burden at this stage of the litigation to show reasonable grounds exist for the Court to conclude the attachment is proper. That is all that should be addressed at this stage of the litigation. Daewoo Logistics is not prohibited from filing a motion for summary judgment once discovery on the ownership issues has been taken.

## ATTACHMENTS UNDER SIMILAR ARRANGEMENTS

Undersigned counsel had conducted research seeking to locate cases in which a Rule B attachment was permitted under financing arrangements similar to those present in this case, but has been unsuccessful. A case was discovered, however, which supports the arguments of Probulk in this matter.

In the bankruptcy case *In re Prudential Lines, Inc.*, 60 B.R. 439 (S.D. N.Y 1987), the court was required to rule on a motion to stay the interlocutory sale of two vessels, the LASH ATLANTICO and the LASH PACIFICO, which had been arrested by the United States Maritime Administration ("MarAd"). The two vessels had originally been owned by Prudential Lines, but were sold to the United States Trust Company ("USTC"), as trustee for Union Minerals and Alloys Corp. ("UMAC"). The vessels then were simultaneously long-term bareboat chartered to Prudential Lines. 60 B.R. at 442. Although the bankruptcy court specifically did not reach the issue of whether

4

MarAd had properly arrested the vessels, the Court noted that the bareboat charters were "property of the estate" of Prudential and the Court had jurisdiction over them. *Id.* Undersigned counsel's efforts to locate the underlying suits involving the MarAd arrest of the vessels were unsuccessful, but Probulk submits that it is apparent from the *Prudential Lines* case that the United States Maritime Administration was permitted to arrest two vessels not owned by the debtor, but which were on long term charter to the debtor.

Respectfully submitted,

*/s/ G. Beauregard Gelpi*

_____
G. BEAUREGARD GELPI, T.A. (LA Bar 18226)
C. GORDON STARLING, JR. (LA Bar 12408)
WAGNER & BAGOT, L.L.P.
Poydras Center - Suite 2660
650 Poydras Street
New Orleans, Louisiana 70130-6158
Telephone: (504) 525-2141
Facsimile: (504) 523-1587
Email: bgelpi@wb-lalaw.com
Email: gstarling@wb-lalaw.com
Attorneys for Probulk Carriers, Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ G. Beauregard Gelpi*

_____
G. BEAUREGARD GELPI

84752