UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


PROBULK CARRIERS, LTD                           CIVIL ACTION

VERSUS                                          NO: 09-3027

DAEWOO LOGISTICS CORP.                          SECTION: "S" (1)

## ORDER AND REASONS

The motion to vacate attachment (Doc. #11) filed by defendant Daewoo Logistics Corp. is **DENIED**. The court's reasons are as follows:

### BACKGROUND

On March 9, 2009, plaintiff Probulk Carriers Ltd. filed a verified complaint against defendant Daewoo Logistics Corporation in connection with a claim for an alleged unpaid charter hire and expenses for the time charter of the M/V IOANTHI, and moved for a writ of attachment pursuant to the Supplemental Rule B of the Federal Rules of Civil Procedure, requesting arrest of the M/V DAEWOO ACE. Plaintiff's counsel represented that Daewoo owned the M/V DAEWOO ACE.[1] Finding that the verified complaint met the requirements of Rule B, the court granted a motion for writ of attachment and garnishment (Doc. #3).

---

[1] Plaintiff also attached the underlying charter agreements giving rise to the dispute between Probulk and Daewoo Logistics.

Defendant Daewoo Logistics moved to vacate the attachment, seeking an emergency hearing which the court held on March 11, 2009. Daewoo Logistics contends that it is not the owner of the M/V DAEWOO ACE and attaches a unsigned document entitled "Unsworn Declaration Under Penalty of Perjury" purportedly from JT Hong. The unsigned affidavit states that Hong is the head of the insurance and legal affairs team at Daewoo Logistics, and that Daewoo Logistics does not own the M/V DAEWOO ACE. Daewoo Logistics also attaches a notarial certificate to which is attached a certificate of registration, reflecting that the M/V DAEWOO ACE is owned by KDG Capital Corporation. Further, defendant contends that the vessel is loaded with perishable grain.

Plaintiff argues that it has established a *prima facie* case of ownership, and attaches an unsworn, but signed affidavit from W. Lawrence Lopez, a commercial manager of Probulk, who attests that he requested and obtained from Lloyd's, vessel information about the M/V DAEWOO ACE, which reflects that Daewoo Logistics is the beneficial owner and registered owner of the M/V DAEWOO ACE and that Daewoo Logistics advertises the M/V DAEWOO ACE as part of the fleet of Daewoo Logistics. The Lopez affidavit also provides the documents received from Lloyd's and a copy of the Daewoo Logistics website page.

## ANALYSIS

The authority to vacate by which a party can move to vacate attached property under Rule B is found in Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims (emphasis added) which provides:

> Whenever property is arrested or attached, **any person claiming an interest in it** shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should

not be vacated or other relief granted consistent with these rules.

Daewoo Logistics states in its briefing that "DLC in fact does not own the M/V DAEWOO ACE or any property aborad the vessel"; and that plaintiff's allegation that the M/V DAEWOO ACE is owned, operated and controlled by defendant is false. Further, Daewoo Logistics denies being a "beneficial owner" of the vessel. Daewoo Logistics contends that it "has no ownership interest in the vessel, and owns no shares of ownership in the vessel."

Rule E(b)(4) gives to "any person claiming an interest" in the attached property the ability to vacate an attachment. Daewoo Logistics argues that it has no interest in the vessel. Daewoo Logistics is not a party entitled to vacate the attachment as it is not a party claiming an interest in the vessel.

The motion to vacate is **DENIED**.

New Orleans, Louisiana, this 13th day of March, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**